UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRANKLIN WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 14-02190-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On October 28, 2014, Michael Franklin Williams ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on February 11, 2015. On May 20, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 51-year-old male who applied for Social Security Disability Insurance benefits on August 23, 2010 and Supplemental Security Income benefits on August 31, 2010, alleging disability beginning April 30, 2008. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 30, 2008, the alleged onset date. (AR 17.)

Plaintiff's claims were denied initially on June 29, 2011 and on reconsideration on March 16, 2012. (AR 15.) Plaintiff filed a timely request for hearing and on November 6, 2012, Administrative Law Judge ("ALJ") Jennifer A. Simmons held a video hearing from San Bernardino, California. (AR 15.) Claimant appeared and testified in San Bernardino, California, and was represented by counsel. (AR 15.) Medical expert ("ME") Don R. Clark and vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on January 16, 2013. (AR 15-23.) The Appeals Council denied review on July 21, 2014. (AR 3-5.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Michael Williams' subjective symptom testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

2

Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the

listed impairments, the claimant is presumptively disabled. <u>Bowen</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. <u>Id.</u>

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 30, 2008, the alleged onset date. (AR 17.)

4

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: diabetes mellitus with peripheral neuropathy, retinopathy with blindness in the right eye, obesity and degenerative disc disease involving the lumbar spine. (AR 17.) The ALJ also found that no psychiatric impairment is credibly asserted or documented. (AR 17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a) with the following limitations:

> Claimant can lift and/or carry no more than 20 pounds occasionally and 10 pounds frequently, stand and/or walk no more than two hours out of eight and sit eight hours in an eight hour work day. Claimant is limited to no more than occasional postural activities such as crouching, crawling or kneeling but is unable to climb ladders, work at unprotected heights or around dangerous unguarded moving machinery. Claimant requires the use of a handheld assistive device if walking greater than 200 feet. Given the adverse side effects of medication as well as pain and fluctuating blood sugar levels, Claimant is able to understand, remember and carry out simple repetitive tasks. Claimant can perform work requiring monocular vision only, no peripheral vision on the right or work requiring greater than frequent acuity or greater than a first or second grade reading level.

(AR 18-21.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 21.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a street sweeper, security guard and airport maintenance worker. (AR 22.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and

5

RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of sewing machine operator, production soderer svp 2 and electronics worker svp 2. (AR 22-23.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 23.)

## DISCUSSION

The ALJ decision must be affirmed. Plaintiff's sole contention is that the ALJ erred in rejecting Plaintiff's credibility. The ALJ, however, properly discounted Plaintiff's subjective symptom allegations based on clear and convincing reasons supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at

6

345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

In determining Plaintiff's sedentary RFC with limitations, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC.[1] (AR 21.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

        1.    Objective Medical Evidence

First, the ALJ documents that Plaintiff's allegations of disabling pain and other restrictions are inconsistent with the objective medical evidence. An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, no medical source

---

[1] Plaintiff contends that this statement by the ALJ is meaningless boilerplate language that is not a sufficient basis for discounting Claimant's credibility. (JS 7:23-8:8.) The ALJ's statement, however, is merely a preamble or conclusion that the ALJ then proceeds to justify with specific clear and convincing reasons for discounting Plaintiff's subjective symptom allegations and the evidence supporting those reasons. (AR 21.)

opined that Plaintiff was precluded from all work. Those who opined assessed Plaintiff with sedentary, light or medium work RFCs. On January 29, 2011, Plaintiff underwent a complete orthopedic examination with Dr. Payam Moazzaz. (AR 19, 425-429.) Plaintiff complained of low back pain and right hip pain, but x-rays of the lumbar spine revealed no scoliosis and only mild degenerative changes, and x-rays of the right hip revealed no degenerative changes. (AR 19, 425.) Dr. Moazzaz, however, noted Plaintiff was in no acute distress. (AR 21, 426.) X-rays of the lumbar spine demonstrated no scoliosis and mild degenerative changes. (AR 19, 429.) He found no degenerative changes in the right hip. (AR 19, 428, 429.) He stated Plaintiff did not require the use of an assistive device to ambulate. (AR 429.) Dr. Moazzaz assessed Plaintiff with a medium work RFC (AR 19, 429), noting; "Overall, the subjective complaints are somewhat out of proportion to the objective findings." (AR 21, 429.) On June 21, 2011, State agency reviewer Dr. Kalmar agreed with Dr. Moazzaz' medium work RFC. (AR 457.) Another State agency reviewer, Dr. A. Lizarraras, submitted a physical RFC assessment on March 2, 2012 assessing Plaintiff with a sedentary RFC. (AR 21. 473.)

On February 6, 2012, Plaintiff underwent an internal medicine consultation with Dr. Robin Alleyne. (AR 19, 459-463.) He again complained of chronic lower back pain but spine curvature was normal, and there was no tenderness or evidence of muscle spasm. (AR 19, 461.) Dr. Alleyne found normal range of motion in the shoulders, hips and knees (AR 461, 462) and indicated Plaintiff needs a cane for long distance ambulation. (AR 19, 463.) She also noted Plaintiff was able to drive to the examination. (AR 19, 459.) Dr. Alleyne observed that Plaintiff has a history of uncontrolled diabetes with dense diabetic neuropathy and diabetic retinopathy and has diabetic foot disease with ulcers. (AR 19, 462.) Nonetheless, Dr. Alleyne assessed Plaintiff with a moderate RFC. (AR. 463.) The testifying medical expert, Dr. Roy Clark, also assessed Plaintiff with a sedentary work RFC. (AR 18-19, 52.) He stated that there was no evidence of hyperglycemia. (AR 19.) The ALJ gave great weight to the opinion of Dr. Clark. (AR 19, 21.)

Plaintiff barely addressed these medical opinions that all assess RFCs that do not preclude work. Plaintiff's only response to this medical evidence is to unfairly dismiss Dr. Moazzaz' statement that Plaintiff's subjective complaints are out of proportion to the objective findings (AR 21, 429) because Dr. Moazzaz did not address Plaintiff's "primary condition, i.e., uncontrolled diabetes." (JS 11:1-6.) Dr. Moazzaz, however, is an orthopedist who was evaluating Plaintiff's alleged low back and right hip pain. (AR 425.) Plaintiff offers no basis for discounting Dr. Moazzaz' statement as applied to those complaints. Plaintiff also does not address the assessment of Dr. Alleyne, an internist who, after noting Plaintiff's history of uncontrolled diabetes and the presence of diabetic ulcers on his feet, nonetheless gave Plaintiff a moderate RFC. (AR 462-463.)

The ALJ correctly determined that Plaintiff's subjective symptoms were not supported by the objective medical evidence.

### 2. Routine, Conservative Treatment

The ALJ found that Claimant's medical treatment "has been essentially routine, conservative, frequent and appropriate." (AR 21.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Despite claims of uncontrolled diabetes and that his medications did not control his blood sugar levels, the ALJ found that there exists no contraindication in the medical record that Claimant's blood sugar levels "cannot be controlled with properly nitrated medication if the Claimant is compliant." (AR 21.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff cites evidence in the record of uncontrolled or poorly controlled diabetes even when he was on medication but most records are silent on the issue and there do not appear to have been any further complications when he was not on medication.

Plaintiff disputes the ALJ's finding that medications are effective but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record.

Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

### 3. Driving

The ALJ also noted inconsistencies in Plaintiff's statements about his ability to drive. An ALJ may consider inconsistencies between a claimant's subjective symptom allegations and his other statements and conduct. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997). Thomas, 278 F.3d at 958-59. Here, testifying expert Dr. Clark noted that Plaintiff drove to the examination with Dr. Alleyne (AR 469) yet 13 days later reported to a consulting psychiatrist that he relied on others for transportation. (AR 466.) (AR 36.) Claimant explained at the hearing that he relies on others for transportation when he does not have gas money but admitted the doctor's office is only 7 miles from his house. (AR 36.) He also indicated there are times when he cannot drive because of pain in his back and leg. (AR 37.) The ALJ reasonably could interpret this evidence to suggest Claimant has greater functional abilities than alleged, especially here where the ALJ already has found that Plaintiff overstated his orthopedic limitations. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009). Plaintiff disputes the ALJ's interpretation of the record evidence but again it is the ALJ's responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

### 4. Use Of A Cane

The ALJ also noted inconsistent statements and conduct by Plaintiff regarding his use of a cane. (AR 21.) The ALJ noted it was not present at two consultative examinations and Claimant does not always need the use of a cane except for walking long distances. (AR 21.) State agency reviewers, however, noted Claimant used a cane for support any time walking for more than 5 minutes. (AR 21.) The Court is reluctant to credit this reason for questioning Plaintiff's credibility in view of the ALJ's RFC that specifies, "The Claimant requires the use of a handheld assistive device if walking

greater than 200 feet. (AR 18.) The ALJ may not use Plaintiff's inconsistent statements and conduct to discount his credibility and at the same time incorporate in the Plaintiff's RFC the very subjective symptom allegation that the ALJ cites to discredit Claimant's credibility. Plaintiff's inconsistent conduct regarding his need for a cane is therefore rejected as a clear and convincing reason for discounting his credibility. The ALJ's error, however, is harmless in view of other clear and convincing reasons for doing so. Carmickle v. Comm'r of Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (where the Court finds any reason for discounting credibility invalid, ALJ's error harmless if other valid reasons remain).

* * *

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 16, 2015                      */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE